**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ORLANDO MARCEUS JONES #366-739[1]
        Petitioner                      *

            v.                             *    CIVIL ACTION NO. DKC-14-104

DEPARTMENT OF PUBLIC SAFETY and    *
  CORRECTIONAL SERVICE
        Respondent

**MEMORANDUM OPINION**

On January 14, 2014, the Clerk received a habeas corpus petition from Orlando Marceus Jones, who is in the custody of the Maryland Division of Correction (hereinafter "DOC") and confined at the Maryland Reception and Diagnostic Classification Center ("MRDCC"). Jones, who has a lengthy criminal history in the Maryland courts,[2] challenges his continued detention on a retake warrant pending disposition of a charge of violation of parole or probation. The gist of Jones' complaint is that his revocation hearing has not occurred in a timely fashion, interfering with his ability to post bail on new charges and obtain trial counsel. ECF No. 1 at 2-3.

Maryland electronic case search reveals that on September 20, 2013, Jones was indicted to stand trial in the Circuit Court for Anne Arundel County for illegal possession of a firearm, reckless endangerment, and related charges.[3] A public defender has been assigned to represent Jones in the case. A previously-scheduled trial date has been postponed. ECF No. 5, Ex. B and C.

The electronic docket also shows that on April 28, 2010, Jones received a probationary term in the Anne Arundel Circuit Court following a guilty plea for drug possession. On August

---

[1] The Clerk shall amend the docket to reflect the proper spelling of Jones' middle name.

[2] *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

[3] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K13001824&loc=60&detailLoc=K.

27, 2013, a parole retake warrant was issued. Jones is represented in this matter by the same attorney representing him in connection with his firearms charges.[4]

Jones' petition, construed as filed pursuant to 28 U.S.C. § 2241, is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Jones must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).

The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). In Maryland, this may be accomplished by proceeding after conviction with certain claims on direct appeal,[5] and thereafter seeking *certiorari* to the Court of Appeals. Exhaustion of additional other claims may be required by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal.

Jones has not demonstrated he has sought release via state habeas proceedings pending parole revocation.

---

[4] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K10002188&loc=60&detailLoc=K.

[5] Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

Because the habeas corpus claims presented here have not been exhausted in the State courts, the instant action is premature. *See Gray v. Netherland*, 518 U.S. 152, 161-167 (1996). Thus, the case will be dismissed without prejudice by separate order. A certificate of appealability will not issue because Jones has not made a "substantial showing of the denial of a constitutional right."[6]

A separate Order follows.


Date:  March 28, 2014                                  /s/
                                                DEBORAH K. CHASANOW
                                                United States District Judge

---

[6] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).